UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ROGER L. GUPTILL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1915 (RMC) |
| UNITED STATES OF AMERICA, | ) ) ) | |
| Defendant. | ) ) | |

## ORDER

Plaintiff Roger L. Guptill filed a complaint in this matter on September 28, 2005, alleging that Defendant, the United States of America, acting through the Internal Revenue Service, violated various sections of Title 26 of the U.S. Code in its assessment and collection of taxes owed. Mr. Guptill invokes the subject matter jurisdiction of the Court pursuant to 26 U.S.C. § 7433, which provides a remedy for certain violations of Title 26 by way of a civil action filed "in a district court of the United States." 26 U.S.C. § 7433 (2005). Before the Court are Mr. Guptill's Objection to Conversion [Dkt. #3] and Objection to the Action of the Clerk [Dkt. #2].

Mr. Guptill objects to "the Clerk[']s conversion of the . . . matter to the United States District Court for the District of Columbia," arguing that § 7433 "specifically commands that the instant matter be filed in the district court of the United States" and, therefore, that this Court "has no statutory authority to hear the matter." He asks the Court to remand the matter to "the district court of the United States." Mr. Guptill has misread the statute. Section 7433 provides that an aggrieved plaintiff may file an action "in *a* district court of the United States," 26 U.S.C. § 7433

(emphasis added), not "in *the* district court of the United States." The United States District Court for the District of Columbia, where Mr. Guptill filed this action, is one of many "district court[s] of the United States." *See id.* The Clerk did not "convert" the matter to this particular district court; Mr. Guptill elected to file it here. Thus, the Court denies his request to remand the action to "the district court of the United States." If Mr. Guptill wishes to prosecute this matter in another forum, he is free to dismiss the action in this Court and refile in another federal district court.

Mr. Guptill also objects to "the Clerk[']s refusal to issue summonses in this matter." He explains that, upon filing this action, he provided the Clerk with "proper summonses properly headed district court of the United States," which the Clerk refused to sign and issue. Mr. Guptill argues that the Clerk's refusal was improper because no rule specifies the wording of a summons, requires him to use the preprinted form provided by the Clerk, or prevents him from preparing his own summons form. However, Federal Rule of Civil Procedure 4 requires, among other things, that a summons "identify the court and the parties." Fed. R. Civ. P. 4(a). The summonses offered by Mr. Guptill misidentify the Court as the "district court of the United States." In view of this flaw, the Court denies Mr. Guptill's request to order the Clerk to sign and issue the summonses as drafted. Mr. Guptill may, however, redraft his summonses so that they properly identify the Court as the "United States District Court for the District of Columbia" and otherwise conform fully to Rule 4. *See* Fed. R. Civ. P. 4; *see also* 1 Moore's Federal Practice § 4.30 (3d ed. 2005). He is advised that this may be easily accomplished by using the preprinted summons form provided by the Clerk, which is adequate under Rule 4.

For these reasons, it is hereby

**ORDERED** that Plaintiff's request to "remand" the action [Dkt. #3] is **DENIED**; and it is

**FURTHER ORDERED** that Plaintiff's request to order the Clerk to sign and issue the summonses as drafted [Dkt. #2] is **DENIED**.

**SO ORDERED**.


Date: November 10, 2005                               /s/
                                               ROSEMARY M. COLLYER
                                               United States District Judge